# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**CORNELIUS DEMOUND BLACK, county jail inmate #048620**      **PLAINTIFF**

**VERSUS**      **CIVIL ACTION NO. 3:09-cv-490-WHB-LRA**

**TYRCE JONES**      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff, was an inmate incarcerated in the Madison County Detention Center, when he filed this complaint pursuant to 42 U.S.C. § 1983 on August 18, 2009. On September 3, 2009, the envelope [5] containing this court's orders [3 & 4] was returned by the postal service with the notation "return to sender". Upon review of the docket and the complaint [1], this court found that plaintiff listed two separate addresses and only one address appeared on the docket for the plaintiff. Therefore, on October 20, 2009, this court entered an order [6] directing the Clerk to mail this court's orders [3 & 4] to the plaintiff at *both* of the addresses that he provided. The order [6] also directed plaintiff to comply with this Court's orders on or before November 4, 2009. Plaintiff failed to comply with this order [6].

In an order [7] entered December 8, 2009, plaintiff was directed to show cause why this case should not be dismissed for his failure to comply with this court's order [6] of October 20, 2009. Additionally, plaintiff was given until and including December 28, 2009 to comply with this court's orders [3 & 4]. The plaintiff was warned in the show cause order [7] that failure to timely comply with the requirements of the order may result in the dismissal of his complaint without further notice. The plaintiff failed to comply with the show cause order [7].

Plaintiff has failed to comply with four court orders and has not contacted this court since

August 18, 2009.  This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See generally Link v. Wabash R.R., 370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Link, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  Id. at 629-30.

      The court concludes that dismissal of this action for plaintiff's failure to prosecute and failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the defendant has not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice.  See Munday/Elkins Auto. Partners, LTD. v. Smith, 201 F. App'x 265, 267 (5th Cir. 2006).

      IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's complaint shall be dismissed without prejudice.  A final judgment in accordance with this memorandum opinion and order will be entered.

      SO ORDERED, this the 26th day of January, 2010.


                                        William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE